

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
Aug 27 2008
AUG 2 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

-----------------------------------x

Mark D. Majkowski,

    Plaintiff,

-v-

    Case No: 08CV 4842
    Judge Coar
    Magistrate Judge Mason

American International Group, Inc.

    Defendant

-----------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* MOTION FOR TEMPORARY AND PRELIMINARY RELIEF

In support of this motion, based upon Affidavit of Mark D. Majkowski and "Register of Actions" (attached), by Mark D. Majkowski, and the prior pleadings, Mark D. Majkowski, who is *pro se*, states as follows:

### REQUESTED RELIEF

Majkowski moves this Honorable Court for an entry of an Order:

    a) Temporarily and preliminarily enjoining, prohibiting and restraining American International Group, Inc. ("AIG") and all under its control from denying

Majkowski Advancement of Defense Costs under any or all of the Policies Prior to Final Disposition of his Claim;

b) Temporarily and preliminarily enjoining, prohibiting and restraining American International Group, Inc. and all under its control from acting in any capacity inconsistent with the determination that Majkowski is an Insured under any or all of the Policies;

c) Temporarily and preliminarily enjoining, prohibiting and restraining American International Group, Inc. and all under its control from denying that we are prior to Final Disposition of his Claim;

d) Compelling American International Group, Inc. and to direct those under its control to Advance to Majkowski Defense Costs prior to Final Disposition of his Claim;

e) Compelling Majkowski to repay such Advancements if it is determined that he is not entitled to payment of such loss at the final disposition of his claim pursuant to the terms of the Policy(ies);

## THE URGENCY

Majkowski is a defendant in Texas ("Texas Action"). The Texas Action was stayed pending arbitration and "closed" about two years ago (See Register of Actions for Case No.: DC-05-03478 American Imaging Manageme[nt, Inc., et. al.] vs Majkowski Mark D). Majkowski, without aid of Advancement from the Company or AIG, has been pursuing his defense including seeking Advancement. Such legal expenses and the burdens to secure Advancement have been crushing. While under a scheduling order in

Plaintiff's Memorandum of Law                                    Page 2 of 7

arbitration in Illinois, and after having taken no action in Texas for over two and a half years, American Imaging Management, Inc. went back to Texas to reinitiate legal proceedings in Texas. [See attached Register of Actions with three motions filed in the last month, to which Majkowski has yet to answer or prepare]. Majkowski needs to answer and respond to actions in Texas and pay lawyers in Illinois to pursue his defenses for advancement as well. Majkowski has already spent over $400,000 in legal fees defending the Texas Action and continues to incur costs in Illinois. Now additional responses and the need for additional Texas Counsel are imminent. Majkowski will be irreparably harmed without assistance of Counsel to fairly consider his defenses and responses. AIG will not be harmed in any way by Advancing Defense Costs prior to final disposition of the claim because Majkowski will need to repay such advanced funds, pursuant to the terms of the Policy(ies), if it is ultimately determined he is not entitled to payment of such loss.

## STATEMENT OF FACTS

The facts of the case are presented in ~~Declaration #~~ AFFIDAVIT _____ and the case as filed. In sum, Majkowski is an Insured under all Policies and without dispute from AIG under Policy 715-71-62. The claim is still prior to its final disposition. The Policy(ies) indicate plainly:

**IN ALL EVENTS, THE INSURER MUST ADVANCE DEFENSE COSTS PAYMENT PURSUANT TO THE TERMS HEREIN PRIOR TO FINAL DISPOSITION OF A CLAIM.**

This instant case and the underlying Texas Action and Illinois Advancement Actions are not final. This case involving advancement and coverage is not final.

## ARGUMENT

Majkowski has as a strong likelihood of Success on the Merits

There is no harm under the Policy(ies) to Defendant if this Order is entered

In Sun Times v Royal, defendant Royal Insurance (<u>Sun-Times Media Group, Inc. v. Royal & SunAlliance Ins. Co.</u>, C.A. No. 06C-11-108 RRC, 2007 WL 1811266 (Del. Super. Ct. June 20, 2007) the Insurer raised many exclusions. These exclusions put forth by the Insurer to obfuscate rights to advancement required substantial time to determine and adjudicate. All during this time, defendant was delayed advancement pending the coverage dispute. The Advancement provisions in both the Sun Times and in this case are identical. In that case, the Court Ruled:

> "EVEN IF IT WERE SHOWN (my emphasis) at a later time that the exclusions apply, THIS STILL DOES NOT PREVENT THE ADVANCEMENT OF DEFENSE COSTS AT THE PRESENT TIME (my emphasis) because the policy provides that the Insured must pay back money they received but were not entitled to. The policy [in SunTimes] specifically says that:
>
>> Such advanced payments by the Insurer shall be repaid to the Insurer by each and every insured or Organization, severally according to their respective interests, in the event and to the extent that any such insured or Organization shall not be entitled under this policy to payment of such Loss."

Furthermore, in a recent review of the case involving how long and under what circumstances Advancement was to take place (*Sun-Times Media Group Inc. v. Black*, 2008 WL 2933093 (Del. Ch., July 30, 2008) it was determined:

> The crux of this dispute is the meaning of the words "the final disposition of such action, suit or proceeding" in the Sun-Times bylaws and § 145(e) of the Delaware General Corporation Law (the "DGCL"). Those words describe the point after

> which the Sun-Times is no longer obliged to continue advancing fees and expenses to the defendants under the advancement provision in its bylaws. The Sun-Times argues that the final disposition of a criminal proceeding occurs at the time of sentencing at the trial court level. The defendants argue that the final disposition of a proceeding2 does not occur until the final, non-appealable conclusion to that proceeding. After considering the language of the bylaws and § 145, the parties' course of performance under the Sun-Times bylaws, and the practical and policy considerations related to the definition of that language, I conclude that the final disposition of a proceeding in this context is the final, non-appealable conclusion to that proceeding.

This Court and the Texas and Illinois Courts (or arbitrations) will have time to come to a final non-appealable conclusion. None of them are there now. In the mean time, Majkowski is facing multiple complex legal problems and without the public policy and insurance protections of Advancement.

The body of legal theory on this is large. But I summarize two items for brevity. It is against public policy and a broad corpus of law for corporations [and insurers] [to] use "its 'deep pockets' to wear down a former ...[officer or] director, with a valid claim to indemnification [or advancement], through expensive litigation, *Stifel Fin. Corp. v. Cochran*, 809 A.2d 555, 561-62, 2002 Del. LEXIS 393 **19-20 (2002), 809 A.2d at 561, 2002 Del LEXIS 393 **19-20. See Majkowski v. American Imaging Management Services, et. al. 913 A.2d 572, 2006 Del. Ch. LEXIS 204 * 2 ("American Imaging...has spared no expense in trying to deny Majkowski advancement").

I want to point out here that in the Conrad Black (Sun Times multiple cases) case, even after conviction, he continues to receive Advancement Prior to Final Disposition of his Claim even with the Insurer AND the Company dead set against allowing him to get it. I after nearly three years am still being delayed, denied and obfuscated to proper

defense with my rights to Advancement even though I will have to pay it back—and I have been accused of NOTHING! (Which of course does not matter anyway!)

## IMMEDIATE AND IRREPARABLE HARM TO MAJKOWSKI

I am facing multiple defensive actions with multiple Plaintiffs. Litigation has been reinitiated in Texas, and a near immediate response is necessary, even though I live in Illinois, and that action has been stayed pending arbitration in Illinois. I have multiple unpaid legal bills and am having trouble finding timely and qualified unconflicted counsel willing to take on this representation in this timeframe. I need the Advancement of Defense Costs prior to Final Disposition of my Claim. They are a $1 trillion insurer. And the Company (IRG/AIM the named entity) under the Policy(ies) has been sparing "no expense to deny Majkowski advancement." It seems AIG is willing to do the same. I have already incurred over $400,000 in fees and other cases have been nearly ten times that. It is unreasonable and unconscionable that I should be denied Advancement of Defense Costs prior to Final Disposition of the Claim by AIG when I am obligated to repay such Advancements.

## NO HARM TO DEFENDANT

The Policy(ies) are quite plain on my obligations to repay and I take any Advancements subject to those obligations.

After the final disposition of this claim, if I am wrong, I will have to pay them back. What do they have to do if (when) they are wrong? But we will not know the answer until the Claim is at final disposition. Which it is not! And my ability to put up a proper defense is greatly inhibited by denial of Advancement.

Accordingly, Majkowski prays that the attached temporary restraining order be put in place for such a period as the Court may determine or until the final Disposition of the Claim.

Respectfully submitted,

Mark D. Majkowski
232 E. Walton #9 West
Chicago, Illinois  60611
312 787 0062
mark@ mdmcp.com